IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| EDM CORPORATION, ) | |
| ) | CASE NO. BK08-40788-TLS |
| Debtor(s). ) | A08-4040-TLS |
| HASTINGS STATE BANK, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| THOMAS D. STALNAKER, Chapter 7 ) | |
| Trustee of EDM CORPORATION; SCOTT ) | |
| STREET ENTERPRISES, L.C.; and ) | |
| TIERONE BANK;[1] ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on motions for summary judgment by defendants TierOne Bank (Fil. #124) and Scott Street Enterprises (Fil. #138). Richard P. Garden, Jr., represents Hastings State Bank; John D. Stalnaker represents the Chapter 7 Trustee; Kathryn J. Derr represents Scott Street Enterprises; and Victor E. Covalt III represents TierOne Bank. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motions were taken under advisement without oral arguments.

EDM Corporation was a dealer of emergency vehicles, with dealerships in Nebraska and Iowa. Its tangible assets were obligated to various secured creditors. Hastings State Bank filed this adversary proceeding to determine the validity, extent, and priority of the respective lien interests of the parties in certain assets of EDM. Two defendants now move for summary judgment with regard to the priority of their respective interests.

I. Legal standard

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary

---

[1] Other defendants were named in the complaint and still appear in the docket caption. However, those entities have either disclaimed their interest, defaulted, or otherwise been dismissed. The parties remaining are the only ones with an interest in the assets at issue.

proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record, without resorting to speculation. *Hitt v. Harsco Corp.*, 356 F.3d 920, 923-34 (8th Cir. 2004).

II. Findings of fact

The following facts are not in dispute:

1. EDM is a Nebraska corporation that had its principal place of business in Lincoln, Nebraska.

2. The public records of the office of the Nebraska Secretary of State reflect that EDM's name is EDM Corporation.

3. EDM filed a Chapter 7 bankruptcy petition on April 10, 2008, at Case No. BK08-40788-TLS.

4. Thomas Stalnaker was appointed trustee of the EDM bankruptcy and has collected and liquidated the debtor's assets. He is holding funds and property of the bankruptcy estate pending a determination in this case.

5. Hastings State Bank, a Nebraska banking corporation with its principal place of business in Hastings, Nebraska, filed the complaint to institute this adversary proceeding on May 12, 2008.

6. Defendant Scott Street Enterprises, L.C., is an Iowa limited liability company and is the owner of real property in Iowa which was leased by EDM for EDM's operations in Iowa.

7. Defendant TierOne Bank is a United States banking corporation with its principal place of business in Lincoln, Nebraska.

8. EDM was incorporated in Nebraska on October 21, 1991, and was a corporation in good standing at the time it filed bankruptcy.

9. EDM held a Nebraska motor vehicle dealer's license for calendar years 2006, 2007, and 2008.

10. As of the petition date, EDM was indebted to Hastings State Bank for loans that began in 2003. Hastings State Bank filed a claim in the bankruptcy proceeding on May 15, 2008, in the amount of $4,614,373.78.

11. EDM executed and delivered a commercial security agreement to Hastings State Bank on June 6, 2003, granting a security interest in certain collateral.

12. Hastings State Bank filed a U.C.C. financing statement with the Nebraska Secretary of State on June 10, 2003, identifying the debtor as "EDM Corporation d/b/a EDM Equipment Company."

13. TierOne Bank extended a line of credit loan to EDM on or about December 30, 2005, in the maximum amount of $3,000,000.00 and disbursed funds thereafter in accordance with its terms.

14. EDM executed a commercial security agreement for TierOne, dated December 30, 2005, granting a security interest in certain personal property.

15. TierOne perfected its security interested by filing a U.C.C. financing statement with the Nebraska Secretary of State on January 6, 2006, identifying the debtor as "EDM Corporation."

16. EDM also executed a security agreement dated January 9, 2007, in favor of TierOne, and TierOne noted its lien thereunder on the certificates of title for eight motor vehicles. The Chapter 7 trustee has turned over $58,501.00 in proceeds from the sale of vehicles on which TierOne's lien was undisputed.

17. TierOne filed a proof of claim in the bankruptcy proceeding on April 10, 2008, for $3,097,637.43.

18. Scott Street Enterprises, as lessor, and EDM, as lessee, entered in a written lease agreement on April 1, 2005, for real property located at 500 East Scott Street in Des Moines, Iowa ("the leased premises"). The term of the lease runs from April 1, 2005, through July 30, 2010. From and after August 1, 2005, EDM maintained at the leased premises personal property which it owned and used or stored at the leased premises during the term of the lease. Said personal property was not exempt from execution. Scott Street Enterprises asserts a secured claim to the extent of the value of the personal property located at the leased premises as of the commencement of the case by virtue of its statutory lien and possession of the property. Scott Street Enterprises filed an amended proof of claim in the bankruptcy proceeding on October 16, 2009, for $91,722.93.

19. The Chapter 7 trustee sold the personal property located in the leased premises for $62,500.00.

20. Pre-petition, TierOne instituted a state court lawsuit against EDM and obtained a pre-judgment attachment of $65,042.26 in an EDM bank account at First National Bank of Omaha.

21. On February 10, 2009, the court determined that Hastings State Bank's U.C.C. financing statement was seriously misleading and therefore ineffective to perfect its security interest in a particular emergency vehicle that was part of EDM's inventory.

### III. Discussion

TierOne's motion for summary judgment presents three questions: (1) whether Hastings State Bank's U.C.C. financing statement was seriously misleading and, as a result, rendered its security interest unperfected; (2) whether TierOne holds a first priority perfected security interest in all assets of EDM; and (3) whether the landlord's lien asserted by Scott Street Enterprises takes priority of the security interest asserted by TierOne, and if so, what the amount of that lien is.

Scott Street Enterprises' motion for summary judgment seeks the court's determination that its lien on EDM's personal property is superior to the interests in the same property of TierOne and Hastings State Bank.

TierOne also requests a finding that it has a first perfected security interest in the First National Bank of Omaha funds it attached pre-petition. This issue is not in dispute, so judgment will be granted accordingly.

A.  Hastings State Bank's U.C.C. financing statement

The court previously found that Hastings State Bank's U.C.C. financing statement did not perfect its security interest in an item of personal property because a search of the Nebraska Secretary of State's U.C.C. records, using the office's standard search logic, does not reveal the financing statement identifying the debtor as "EDM Corporation d/b/a EDM Equipment." *Hastings State Bank v. EDM Corp. (In re EDM Corp.)*, 2009 WL 367773 (Bankr. D. Neb. Feb. 10, 2009).

Likewise, TierOne has submitted evidence of its inability to locate Hastings State Bank's U.C.C. filing when searching the Secretary of State's U.C.C. records for the debtor's legal name of "EDM Corporation." *See Myers v. Am. Exch. Bank (In re Alvo Grain and Feed, Inc.)*, Adv. Pro. No. A08-8029-TLS (Bankr. D. Neb. Nov. 20, 2009) (holding that filing a U.C.C. financing statement under the name of "Alvo Grain & Feed, Inc." is seriously misleading when the debtor's legal name is "Alvo Grain and Feed, Inc."). Accordingly, because Hastings State Bank's U.C.C. filing does not provide the name of the debtor within the meaning of Revised Article 9 of the Uniform Commercial Code,[2] its financing statement is not sufficient to perfect its security interest.[3] *Genoa Nat'l Bank v.*

---

[2] Neb. Rev. Stat. § U.C.C. § 9-503(a):
Section 9-503. Name of debtor and secured party
    (a) A financing statement sufficiently provides the name of the debtor:
        (1) if the debtor is a registered organization, only if the financing
(continued...)

-4-

*Sw. Impl., Inc. (In re Borden)*, 353 B.R. 886 (Bankr. D. Neb. 2006), *aff'd*, 2007 WL 2407032 (D. Neb. Aug. 20, 2007). Therefore, TierOne's motion will be granted as against Hastings State Bank.

      B.      Scott Street Enterprise's landlord's lien

The issue here is only the relative priority of the liens asserted by TierOne, Hastings State Bank, and Scott Street Enterprises; the amount of Scott Street Enterprises' claim will be determined in the claims resolution process in the bankruptcy case. *See* TierOne's objection to Scott Street Enterprises' claim (Fil. #180 in Case No. BK08-40788) and Scott Street Enterprises' resistance (Fil. #181 in Case No. BK08-40788).

Scott Street Enterprises leased commercial real estate to EDM via a written lease entered into on April 1, 2005. The transaction was between an Iowa limited liability company and a Nebraska corporation, for premises located in Iowa. The lease does not contain a choice-of-law provision, and the parties disagree as to whether Iowa or Nebraska law should apply.

The bankruptcy court applies the choice-of-law rules of the state in which it sits, *Amtech Lighting Servs. Co. v. Payless Cashways, Inc. (In re Payless Cashways)*, 203 F.3d 1081, 1084 (8th Cir. 2000), so Nebraska's rules with regard to choice of law apply. Those rules require the court to apply the "most significant relationship" approach, as set forth in the Restatement (Second) of Conflict of Laws § 188.[4] *Bryan Mem'l Hosp. v. Allied Prop. & Cas. Ins. Co.*, 163 F. Supp. 2d 1059,

---

[2](...continued)
statement provides the name of the debtor indicated on the public record of the debtor's jurisdiction of organization which shows the debtor to have been organized[.]

[3]Neb. Rev. Stat. § U.C.C. § 9-502(a):
Section 9-502. Contents of financing statement . . .
      (a) Subject to subsection (b), a financing statement is sufficient only if it:
          (1) provides the name of the debtor;
          (2) provides the name of the secured party or a representative of the secured party; and
          (3) indicates the collateral covered by the financing statement.

[4]§ 188. Law Governing In Absence Of Effective Choice By The Parties
      (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.
      (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(continued...)

1064-65 (D. Neb. 2001). Under that approach, "the rights and duties of the contracting parties are governed by the law of the state with the most significant relationship to the transaction and the parties." *Powell v. Am. Charter Fed. Sav. & Loan Ass'n*, 514 N.W.2d 326, 331 (Neb. 1994).

However, when the contract at issue is one for the transfer of an interest in land, the Restatement makes clear that the applicable law generally is the law of the state where the land is situated. Restatement (Second) of Conflict of Laws § 189.[5] In this case, the property is located in

---

[4](...continued)
   (a) the place of contracting,
   (b) the place of negotiation of the contract,
   (c) the place of performance,
   (d) the location of the subject matter of the contract, and
   (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
 These contacts are to be evaluated according to their relative importance with respect to the particular issue.
 (3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189-199 and 203.

[5]§ 189. Contracts For The Transfer Of Interests In Land
 The validity of a contract for the transfer of an interest in land and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where the land is situated unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

Section 6 of the Restatement, which is cited in §§ 188 and 189, lists factors for courts to consider in making the choice-of-law determination:

§ 6. Choice-Of-Law Principles
 (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
 (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
   (a) the needs of the interstate and international systems,
   (b) the relevant policies of the forum,
   (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
   (d) the protection of justified expectations,

(continued...)

Iowa, the lessor is an Iowa entity, and the debtor lessee used the premises for business operations in Iowa. Under the circumstances, the evaluation of the relevant factors of § 188 and § 189 leads to the same conclusion under either section: Iowa law should apply.

Scott Street Enterprises is asserting a landlord's lien[6] as the basis for its claim. Revised Article 9 of the Uniform Commercial Code does not apply to statutory landlord's liens, Iowa Code Ann. § 554.9109(4)(a), so resolution of priority disputes involving such liens requires resort to common law. *Perkins v. Farmers Trust & Sav. Bank*, 421 N.W.2d 533, 535 (Iowa 1988). The Iowa Supreme Court has ruled, when competing interests are at issue, that a statutory landlord's lien is superior to a blanket security interest arising before or after the landlord's lien.[7] *Id.*; *Atkins v. Womeldorf*, 4 N.W. 905, 907 (Iowa 1880).

Consequently, Scott Street Enterprises' lien has priority over the liens held by TierOne and Hastings State Bank.

### IV.  Conclusion

Hastings State Bank's security interest was not properly perfected by its U.C.C. filing, so despite Hastings State Bank's position as first to file, TierOne's lien has priority.

Scott Street Enterprises' statutory landlord's lien is superior to the security interests of TierOne and Hastings State Bank. The amount of Scott Street Enterprises' claim is disputed and will be determined in the bankruptcy proceeding.

---

[5](...continued)
        (e) the basic policies underlying the particular field of law,
        (f) certainty, predictability and uniformity of result, and
        (g) ease in the determination and application of the law to be applied.

[6]Iowa Code Ann. Ch. 570 Landlord's Lien:
570.1. Lien created – perfection and priority – termination
    1. A landlord shall have a lien for the rent upon all crops grown upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term and which is not exempt from execution.
    . . .
570.2. Duration of lien
    Such lien shall continue for the period of one year after a year's rent, or the rent of a shorter period, falls due. But in no case shall such lien continue more than six months after the expiration of the term.

[7]Neither TierOne nor Hastings State Bank is asserting a purchase-money security interest here. If they were, such a security interest would take priority over the landlord's lien. *EDM Corp.*, 2009 WL 367773, at *5.

IT IS ORDERED: The motion for summary judgment filed by TierOne Bank (Fil. #124) is granted insofar as TierOne's security interest is superior to that held by Hastings State Bank and insofar as TierOne holds a first perfected security interest in attached funds in the debtor's account at First National Bank of Omaha. The motion for summary judgment filed by Scott Street Enterprises, L.C. (Fil. #138) is granted insofar as its lien is superior to the interests of TierOne Bank and Hastings State Bank. Separate judgment will be entered.

DATED: December 4, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Richard P. Garden, Jr.
    John D. Stalnaker
    *Kathryn J. Derr
    *Victor E. Covalt III
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.